# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PA CO-MAN, INC., | ) | Bankruptcy No. 20-20422-JAD |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | X | |
| | ) | Related to ECF 357 |
| AUA PRIVATE EQUITY PARTNERS, LLC and AOG, LLC, | ) ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| - v - | ) | |
| | ) | |
| KIND OPERATIONS, INC., | ) | |
| | ) | |
| Respondent. | ) | |
| | X | |

## MEMORANDUM OPINION

Pending before the Court is a motion filed at ECF 357 titled as a *AUA Private Equity Partners, LLC and AOG, LLC's Motion to Enforce the Automatic Stay Pursuant to 11 U.S.C. § 362(a)(3)* (the "Motion to Enforce the Automatic Stay").

The Motion to Enforce the Automatic Stay is a core proceeding which the Court has jurisdiction to hear and decide on a final basis. See 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B), 157(b)(2)(E), 157(b)(2)(G), 157(b)(2)(M), 157(b)(2)(O) and 1334.

The hearing on the Motion to Enforce the Automatic Stay was self-scheduled by the movants for August 15, 2023 at 10:00 a.m. (the "Hearing"). Inasmuch as the pertinent facts are not in dispute, and because the parties have filed robust

pleadings which the Court has duly considered, no Hearing on the Motion to Enforce the Automatic Stay is necessary. See Cabral v. Shamban (In re Cabral), 285 B.R. 563, 576-77 (B.A.P. 1st Cir. 2002)(the bankruptcy court is authorized to determine contested matters on the pleadings and arguments of the parties, drawing necessary inferences from the record); Beverly Hills Assoc. Ltd. v. River Hills Apartment Fund (In re Beverly Hills Assoc. Ltd.), 813 F.2d 702, 706 (5th Cir. 1987)(hearing in automatic stay context not required when not necessary).

As an initial matter, the Court has written extensively regarding the litigation pending before this Court between Kind Operations, Inc. (in its capacity as assignee of the Chapter 7 Trustee, Rosemary C. Crawford, Esquire) against AUA Private Equity Partners, LLC and AOG, LLC. See Kind Operations, Inc. V. Cadence Bank et al. (In re Pa-Co Man, Inc.), 644 B.R. 553 (Bankr. W.D. Pa. 2022).

The parties are well aware of the Court's prior opinion, and there is no need to re-hash it here except to state that the Court incorporates its opinion into this *Memorandum Opinion.*

The gist of the Motion to Enforce the Automatic Stay is that this Court previously concluded that claims sounding in successor liability against AOG, LLC are "general claims" which are property of this bankruptcy estate. See In re Pa-Co Man, Inc., 644 B.R. at 633-35.

The parties concede that despite this Court's ruling, Kind Operations, Inc. ("Kind Operations") in its individual capacity (as opposed to its capacity as assignee of the bankruptcy estate) continued to prosecute a successor liability

cause of action in its own name against AOG in the Supreme Court of New York (the "State Court Successor Liability Case").

The parties also concede that Kind Operations never obtained relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to continue to prosecute the State Court Successor Liability Case.

Accordingly, it appears that the efforts of Kind Operations to continue to prosecute the State Court Successor Liability Case violates the automatic stay as a usurpation of the estate's cause of action. See In re Emoral, Inc., 733 F.3d 875, 879 (3d Cir. 2014). This conclusion is consistent with 11 U.S.C. § 362(a)(3), which enjoins actions by creditors and other parties to exert control over property of the bankruptcy estate.

In its response to the Motion to Enforce the Automatic Stay, Kind Operations argues that its individualized pursuit of successor liability claims does not violate the automatic stay. In support of its argument, Kind ignores much of the Court's prior opinion. It also ignores what the Third Circuit held in Emoral, supra.

Instead, Kind Operations relies upon footnote 66 in the Court's opinion to suggest that the Court offered its blessing of Kind Operations' continued pursuit of a successor liability claim before the New York state court. See In re Pa-Co Man, Inc., 644 B.R. at 637-38, n. 66.

Kind Operations' interpretation of the Court's opinion is strained. To the extent that the opinion provided any confusion, let the Court be crystal clear– the

prosecution of successor liability claims against AOG is an impermissible usurpation of a bankruptcy estate asset in contravention of the automatic stay.

At footnote 66 of the Court's opinion, the Court discussed Kind Operation's pursuit of the successor liability claim before the New York court. In this context, this Court observed that "the entity that arguably violated the automatic stay was [Kind,]" id., because Kind continued to pursue the State Court Successor Liability Case after Pa-Co Man, Inc. had sought bankruptcy protection. The Court, however, inartfully stated in footnote 66 that Kind had not violated the automatic stay because the Supreme Court of New York had dismissed the state court litigation by the time this Court had to address the issue of who owns the lawsuit.

The Court also opined in the body of its opinion that the dismissal by the state court had no *res judicata* or collateral estoppel effect upon the estate's cause of action. The reasons why *res judicata* and collateral estoppel did not apply included (a) the fact that Kind was not empowered to bring the lawsuit in the name of the bankruptcy estate[1] and, therefore, the estate was not bound by the state court's rulings; and (b) the fact that the state court dismissal was void for

---

[1] Stated in other words, this Court concluded in its opinion that the estate's rights were not derivative rights claimed through Kind. Rather, since the successor liability claims were "general" claims owned exclusively by the bankruptcy estate, Kind lacked the capacity to assert them. To the extent such claims were usurped by third parties, those efforts are void *ab initio* by operation of the automatic stay. In re Pa-Co Man, Inc., 644 B.R. at 633 (citing In re Siciliano, 13 F.3d 748, 750 (3d Cir. 1994)(general principal is that act in violation the stay is void *ab initio*), Havelock v. Taxel (In re Pace), 159 B.R. 890 (B.A.P. 9th Cir. 1993), aff'd in part, and vacated in part, 67 F.3d 187 (9th Cir. 1995), Levin v. Kelton Realty, Inc. (In re Oxford Royal Mush- room Products, Inc.), 39 B.R. 948, 949 (Bankr. E.D. Pa. 1984) (citing Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940)), Musso v. Ostashko, 468 F.3d 99, 104 (2d Cir. 2006) (referencing 5 Collier on Bankruptcy ¶ 541.01 (15th ed. Rev. 2005), Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., Inc., 187 F.3d 439 (4th Cir. 1999), and Harrison v. Soroof, 320 F.Supp. 3d 602, 628-29 (D. Del. 2018)).

violating the automatic stay since, again, successor liability claims are "general" in nature and belong exclusively to the bankruptcy estate and not to Kind. In re Pa-Co Man, Inc., 644 B.R. at 637-38.

When the Court wrote footnote 66, it was under the assumption that Kind's state court successor liability litigation had effectively ended, and that the successor liability claim was being prosecuted solely before this Court. Thus, the Court was under the impression that the automatic stay was not being defied on an ongoing basis.

The Court was wrong, and Kind continued sharpening its litigation spear and pursued the litigation further in New York without permission from this Court. That is, before the New York courts, Kind sought to revive its complaint in an amended form with respect to the State Court Successor Liability Case. This action violated the automatic stay. Absent a cessation of the litigation of the claim in state court, Kind's actions are a continuous violation of the automatic stay thereby warranting action by this Court.

One would think that under these circumstances the Chapter 7 Trustee would appear in this Court and seek to halt Kind's usurpation of the successor liability action because she has a duty to protect and preserve estate assets. See 11 U.S.C. § 704. However, the Chapter 7 Trustee has not done so and has filed neither a response nor joinder to the Motion to Enforce the Automatic Stay. Perhaps she mistakenly assumed counsel would protect the estate's interests. After all, Kind's counsel is serving the dual role of representing the interests of

Kind all the while prosecuting the bankruptcy estate's causes of action with respect to the adversary proceeding pending before this Court against AOG, LLC and AUA Private Equity Partners, LLC. See In re Pa-Co Man, Inc., 644 B.R. at 571 (describing the facts of this case and how the settlement between the Chapter 7 Trustee and Kind provided Kind with standing to pursue the relevant causes of action as an assignee of the bankruptcy estate's interests).[2]

Because counsel represents the bankruptcy estate's interests before this Court and simultaneously pursued the State Court Successor Liability Case solely for the benefit of Kind, these circumstances appear to cast counsel in the light of a disqualifying conflict of interest. See, e.g. In re Penney, 334 B.R. 517, 519 (Bankr. D. Mass. 2005)(noting that counsel cannot pursue two interests that compete against each other). Certainly not a desirable position for counsel to occupy.

The Court finds it a proverbial "head scratcher" as to why counsel would pursue the State Court Successor Liability Case in the face of the conflict cited above, as well as this Court's prior opinion and the provisions of 11 U.S.C. § 362(k) which permit sanctions to be imposed for a willful violation of the automatic stay. See Böhm v. Howard (In re Howard), 428 B.R. 335, 337-38

---

[2] Counsel for Kind suggests that Kind's continued prosecution of the State Court Successor Liability Case causes the bankruptcy estate no harm. Counsel's argument is not persuasive for various reasons, the least of which is the fact that the cause of action is exclusively an estate cause of action. In addition, if Kind's individualized self-interested prosecution is permitted and Kind wins the race to the courthouse, recoveries for the benefit of the bankruptcy estate could be delayed or diminished. This observation assumes *arguendo* that any successor liability claim would be meritorious. Nothing contained herein should be construed as a ruling, either positively or negatively, with respect to the merits of the cause of action and any defenses to the same.

(Bankr. W.D. Pa. 2011)(relying on Atlantic Business And Community Corporation, 901 F.2d 325 (3d Cir.1990) and holding that a bankruptcy trustee may seek damages for a willful violation of the stay).

In addition, 28 U.S.C. § 1927 imposes consequences for legal counsel who "multiplies the proceedings in any case unreasonably and vexatiously[.]" At a minimum, it appears unreasonable for counsel to pursue the State Court Successor Liability Case when the claims for successor liability against AOG are general claims belonging to the bankruptcy estate, when counsel knew this fact, and when counsel has been litigating these claims before this Court.

To the extent footnote 66 of the Court's prior opinion caused counsel to be mistaken, the Court will give counsel the benefit of the doubt and will not issue a rule to show cause as to why counsel should be disqualified or sanctioned. Instead, the Court reiterates that the continued prosecution of the State Court Successor Liability Case is enjoined by the automatic stay.

In rendering this decision today, the Court considered Kind Operations' argument that the movants lack standing to prosecute proceedings seeking enforcement of the automatic stay.

In In re Global Indus. Tech., Inc., 645 F.3d 201, 210 (3d Cir. 2011), the Third Circuit Court of Appeals noted that a "party-in-interest" to bankruptcy litigation includes a person or entity that alleges a "specific, 'identifiable trifle' of injury" or a person or entity that has a "personal stake in the outcome of [the] litigation[.]" Under this standard, the movants surely are aggrieved persons

because the maintenance of the State Court Successor Liability Case subjects them to double the litigation costs and potentially exposure to double liability if the exclusive nature of the estate's property interest is ignored.

Even if the movants lack standing to bring the instant motion, the Court will not turn a blind eye to what has transpired because this Court has exclusive jurisdiction as to all property of the estate, wherever located. See 28 U.S.C. § 1334(e).

Furthermore, this Court has the power to issue any order or process that is necessary to carry out the provisions of title 11. See 11 U.S.C. § 105(a). Insuring that the bankruptcy estate is not unilaterally dismembered by an unauthorized race to the courthouse surely fits within the equitable powers granted to this Court.

This power to supervise an orderly and equitable distribution of assets of the estate is one of the fundamental purposes behind the automatic stay in bankruptcy. In re Thomas, 529 B.R. 628 (Bankr. W.D. Pa. 2015)(citing United States v. Nicolet, Inc., 857 F.2d 202, 207 (3d Cir.1988) and observing that the automatic stay is designed to replace the "unfair race to the courthouse" with an orderly liquidation of bankruptcy estate assets so that creditors similarly situated are treated equally); In re Keene Corp., 164 B.R. 844, 849 (S.D.N.Y. 1994)(quoting American Nat'l Bank v. MortgageAmerica Corp. (In re MortgageAmerica Corp.), 714 F.2d 1266, 1274 (5th Cir.1983)(the automatic stay serves to "prevent a multi jurisdictional rush to judgment" by creditors and "protects the interests of all

creditors by treating like-situated claimants similarly")).

For all of these reasons, the Court shall enter an order which GRANTS the Motion to Enforce the Automatic Stay. The parties shall govern themselves accordingly.

Date: 8/11/2023

The Honorable Jeffery A. Deller
United States Bankruptcy Judge

cc:   All Counsel of Record

FILED
8/11/23 6:47 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA